In the Matter of the Claim of JOSEPH P. MURPHY, Respondent, against CHARLES E. BEDFORD and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Claimant was chief caretaker of a large country estate, far removed from any urban center. He was engaged in haying and stowing hay in the barn. And when about to mow away hay on July 10, 1932, and while using a ladder in connection with the work, it broke and he fell therefrom about ten feet to the barn floor. His shin was " skinned " to an extent of six or seven inches. For about two weeks the injured part was protected by sterile bandage at home, no medication being applied. The wound progressed satisfactorily until it appeared to claimant to be entirely healed, and he thought it was. About two months later a pain developed in the leg, " not

exactly in the same spot." Doctors were consulted, treatment in a hospital followed, and finally the leg was amputated February 8, 1933. Up until a conversation with the doctor in March, 1933, the claimant did not associate the accidental injury with the pain in his leg or with the necessity of amputation. He did not think of any causal relation. The employer was consulted by the claimant in October, 1932, when the pain in his leg began to bother him, and the employer advised consulting a certain doctor in Ogdensburg, which claimant did, and he was sent to the hospital for a first operation. The employer called at the hospital twice to see claimant, at a great distance from the employer's home. The carrier complains that the Industrial Board committed error in excusing the failure to give notice of the injury within thirty days after the accident, pursuant to section 18 of the Workmen's Compensation Law. There is nothing in the record to justify an inference that claimant was guilty of bad faith, or failed to give notice promptly after being informed that the injured shin was the cause of the loss of the leg. The Board found that claimant was not aware at an earlier time than mentioned that there was causal relation between the injury and the amputation, and accordingly could not give notice of injury; that the employer had actual notice of claimant's condition, and advised a certain doctor, and was not prejudiced by the failure of notice. The finding of the Board was justified by the evidence. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.